**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Cynthia Rini, as Personal Representative of the Estate of Gladys Taylor,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>The Palmettos of Bluffton, LLC,  )<br>)<br>Defendant.  ) | CIVIL ACTION NO.: 9:25-cv-13348-DCN<br><br>**COMPLAINT**<br>**(Declaratory Judgment)** |

Plaintiff, by and through the undersigned counsel, complaining of the above-named Defendant, alleges unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a citizen and resident of the County of Beaufort, State of South Carolina.

2. Defendant The Palmettos of Bluffton, LLC is a for-profit business that is organized and existing in the State of South Carolina where it holds a principal place of business in the County of Beaufort.

3. This action is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to obtain a declaratory judgment on an actual controversy between the parties.

4. The parties and subject matter contained herein are within this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, the controversy between the parties requires the court to apply and interpret the Federal Arbitration Act to resolve the dispute.

5. Venue is proper because the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in Beaufort County, South Carolina and it is where Defendant conducts business.

2

## **FACTS**

6. Decedent Gladys Taylor was a resident at an assisted living facility owned by Defendant where an arbitration agreement was signed by her representative and Defendant on August 1, 2023.

7. The arbitration agreement provides that it is governed by the Federal Arbitration Act and sets forth a method for appointing an arbitrator. (Exhibit A).

8. The agreement states, in part: "[t]he party initiating arbitration shall serve upon the other party via certified mail a demand for arbitration, which should include a brief description of the claim, the relief sought, and a proposed arbitrator who must be neutral, experienced and disinterested. This arbitrator shall serve unless the non-initiating party provides written objection via certified mail to the other party within ten (10) business days of the notice or demand of intent to arbitrate and suggests an alternate, neutral, experienced, and disinterested arbitrator."

9. Plaintiff served Defendant with a written demand for arbitration via certified mail on August 26, 2025, that included a brief description of the claim, the relief sought, and named a proposed arbitrator, attorney Brett Woron. (Exhibit B).

10. Defendant did not object to Plaintiff's proposed arbitrator or propose an alternate arbitrator in accordance with the terms of the agreement.

11. On September 11, 2025, Plaintiff filed a Complaint with the arbitrator and provided a copy of the demand for arbitration. (Exhibit C).

12. On November 6, 2025, Defendant sent a letter contesting the method of the arbitrator's appointment thereby creating an actual controversy between the parties. (Exhibit D).

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

13. Plaintiff incorporates by reference the allegations of the Paragraphs above as if fully repeated herein.

14. The facts set forth above constitute an actual controversy between the parties.

15. Plaintiff seeks the following judicial declarations:

   a) The Federal Arbitration Act governs and requires appointment of an arbitrator be accomplished pursuant to the method of appointment that is set forth in the Arbitration Agreement between the parties;

   b) The method for appointment set forth in the Arbitration Agreement controls and, therefore, Plaintiff properly initiated arbitration and appointed Brett Woron as Arbitrator; and

   c) That the Federal Arbitration Act does not preclude attorney Brett Woron from serving as the Arbitrator;

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment on the requested declarations set forth herein, and for such other and further relief as this Court deems just and proper.

THE ARNDT LAW FIRM

*/s/Jonathan S. Arndt*
Jonathan S. Arndt, Fed. Bar No. 12889
1125 Mathis Ferry Road
Mount Pleasant, SC 29464
Telephone: (843) 469-8777
Jonathan@thearndtlawfirm.com

***Attorneys for the Plaintiff***

November 10, 2025
Mount Pleasant, South Carolina

4

# EXHIBIT A

# Agreement to Arbitrate and Waive Jury Trial

ALF R-5/2014

# AGREEMENT TO ARBITRATE AND WAIVE JURY TRIAL

*PLEASE READ CAREFULLY AND ASK ANY QUESTIONS*

## I. EXPLANATION

In order to minimize the time and costs of resolving all disputes, both parties agree, depending on the amount in dispute, to either:

a. submit the dispute to this state's small claims court, or
b. if the amount exceeds the small claims court statutory limits as later defined, then submit to binding arbitration.
c. if it is determined by a court of law that the arbitration agreement is invalid, then waive their right to a jury trial and consent to a trial by the court.

Arbitration is a method of resolving disputes without the substantial time and expense of using the judicial system. Since the arbitration procedure is private rather than public, it can help protect privacy and dignity concerning the sensitive issues that sometimes arise. An arbitration hearing takes only months to schedule, while civil litigation may take years to complete. By avoiding the judicial system, many costs are eliminated. There are charges and fees involved in arbitration, but an arbitration hearing will almost always resolve a dispute sooner and at less cost than a trial when the dispute exceeds the jurisdiction of this state's small claims court.

It is important to understand, however, that there is only a limited right to appeal an arbitration award. Unless there is evidence of fraud on the part of the arbitrator or a serious procedural defect, an arbitration award will be final. Of course, the Community also agrees to be bound by the arbitrator's decision.

**BY SIGNING THIS AGREEMENT, BOTH PARTIES ARE WAIVING THEIR CONSTITUTIONAL RIGHT TO A JURY TRIAL AND CONSENTING TO BINDING ARBITRATION, OR IF THE AGREEMENT TO ARBITRATE IS INVALID, TO TRIAL BY THE COURT WITHOUT A JURY.**

## II. AGREEMENT

This is an Agreement to arbitrate any dispute that might arise between _The Palmetto_ ("Resident") and _Gladys Taylor_ ("Community"). In consideration of the benefits of arbitration in the efficient resolution of conflicts and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all parties, and intending to be legally bound, the parties hereby agree as follows:

The parties shall submit to binding arbitration all disputes against each other and their employees, agents, representatives, affiliates, fiduciaries, medical directors, officers, directors, governing bodies, management companies, insurers, attorneys, predecessors, successors, assigns, third party beneficiaries, heirs, executors, administrators, or any of them, and all persons, entities or corporations with whom any of the former have been, are now, or may be affiliated, arising out of or in any way related or connected to the Resident's stay and the care provided at the Community,

_CSL_
Initials      Initials

ALF R-5/2014            1

including, but not limited to, any disputes concerning alleged personal injury to the Resident caused by improper or inadequate care, including allegations of medical malpractice; any disputes concerning whether any statutory or regulatory provisions relating to the Resident were violated; any dispute related to Community's charges to Resident; and any other dispute under state or federal law based on contract, tort, or statute that exceeds the state's small claims court statutory limits as later defined.

The Federal Arbitration Act shall apply to determine the arbitrability of any dispute and the scope of the arbitration agreement. In rendering a decision on the merits of the dispute, the arbitrator shall apply the substantive law of the state in which the Community is located.

The party initiating arbitration shall serve upon the other party via certified mail a demand for arbitration, which should include a brief description of the claim, the relief sought, and a proposed arbitrator who must be neutral, experienced, and disinterested. This arbitrator shall serve unless the non-initiating party provides written objection via certified mail to the other party within ten (10) business days of the notice or demand of intent to arbitrate and suggests an alternate, neutral, experience, and disinterested arbitrator. The arbitrator proposed by the non-initiating party shall serve as the arbitrator, unless the initiating party provides written objection via certified mail to the non-initiating party's suggestion. If both parties object as provided above, then the proposed arbitrators shall select by agreement a neutral, experienced, and disinterested arbitrator. Should they fail to do so, a neutral, experienced, and disinterested arbitrator will be selected by a judge of the court which serves the county in which the Community is located and which would have subject matter jurisdiction of the dispute.

Any arbitration hearing arising under this Agreement shall be held in the county in which the Community is located. In conducting the hearing and all other proceedings relative to the arbitration of the dispute, the arbitrator shall apply the rules of civil procedure and the rules of evidence of the state where the Community is located, unless otherwise agreed by the parties. The arbitrator shall, however, have the discretion and authority to reasonably limit discovery upon the request of any party.

Each party may be represented by counsel in connection with all arbitration proceedings. The award of costs of the arbitration shall be determined by the arbitrator in accordance with the law of the state where the Community is located.

All claims based in whole or in part on the same incident, transaction, or related course of care or services provided by the Community to the Resident, shall be arbitrated in one proceeding. A claim shall be waived and forever barred if it arose prior to the date upon which notice of arbitration is given to the Community or received by the Resident, and is not presented in the arbitration proceeding. The Agreement to Arbitrate shall survive and not otherwise be revoked by the death or incompetency of Resident.

The judgment rendered by the arbitrator may be entered in any court having jurisdiction thereof.

                                                                                        *CSL*
                                                                    Initials       Initials

ALF R-5/2014           2

### III. ACKNOWLEDGEMENTS

The Resident declares that he or she retains capacity and is competent, has never been adjudged or determined to lack capacity or competence, and knows of no petition pending to adjudicate his or her lack of capacity or competence. Alternatively, if the Resident has been or should be deemed to lack capacity or competence, then Resident's Legal Representative declares that he or she has been given authority by the Resident when competent to act on behalf of the Resident, and/or is qualified to act as the Resident's surrogate by reason of special care and concern for the Resident, familiarity with the Resident's personal values, reasonable availability, and willingness to serve.

The Resident and/or Legal Representative understands that he/she has the right to consult with an attorney prior to signing this Agreement.

The Resident and/or Legal Representative has reviewed this Agreement and has had opportunity to ask questions of Community personnel about the Agreement.

**The Resident and/or Legal Representative understands that this Agreement may be revoked by signing the revocation provision set forth below during normal business hours within ten (10) business days of the admission date. If not revoked, this Agreement shall remain in effect for all claims arising out of the Resident's stay at the Community. If the acts or events underlying the dispute are committed prior to any such revocation, then this Agreement shall be binding with respect to such acts or events.**

The parties agree that any claim, controversy, dispute or disagreement within the following statutory limits, and as subsequently modified by the appropriate legislative body, shall be resolved through the state's lower court system, without a jury:

| | | | |
|---|---|---|---|
| AL (District) | $3,000 | KS (Small Claims) | $4,000 |
| AZ (Justice Courts) | $10,000 | KY (Small Claims) | $1,500 |
| MO (Associates Circuit) | $25,000 | NH (District) | $5,000 |
| TN (General Sessions) | $25,000 | VA (Small Claims) | $5,000 |
| | | SC (Magistrate) | $7,500 |

If a party overlooks the obligation to arbitrate any dispute and participates in litigating the matter in the court system, such party will not be deemed to have waived the right to compel arbitration assuming the motion to compel arbitration is served before the first day of trial.

The parties agree that the arbitration process and the arbitration award shall remain confidential.

In the event that any portion of the Agreement is determined to be invalid or unenforceable, the remainder of this Agreement will continue to be binding upon the parties hereto in the same manner as if the invalid or unenforceable provision were not a part of the Agreement.

_CSr_
Initials          Initials

ALF 1/25/2008                    3

THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT TO ARBITRATE AND WAIVE JURY TRIAL AND UNDERSTAND THAT BY SIGNING THIS AGREEMENT, THEY HAVE WAIVED THE RIGHT TO A TRIAL BEFORE A JURY, AND THAT THEY VOLUNTARILY CONSENT TO ALL OF THE TERMS OF THIS AGREEMENT.

THE RESIDENT:

_Cynthia S. Rini_
By Resident

Date: _8-1-2023_

_____
Legal Representative

THE COMMUNITY:

_J. Bradley_
By Community Representative

Date: _8-1-23_

_Carol Pack_
Witness

## V.  REVOCATION OF ARBITRATION PROVISION

By signing the original Agreement on file at the Community, I/we (all who signed above must sign below within ten (10) business days of the admission date to effectuate the revocation) hereby revoke the agreement to arbitrate set forth above.

_____    Date:_____
RESIDENT'S SIGNATURE

_____    Date:_____
LEGAL REPRESENTATIVE'S SIGNATURE

_____    Date:_____
ADDITIONAL SIGNATURE (IF APPLICABLE)

_____    Date:_____
DIRECTOR'S SIGNATURE

ALF R-8/15/2013                    4

ALFCONTRACT/ALF_RFA2008

# EXHIBIT B

**The ARNDT Law Firm**

August 22, 2025

**SENT VIA CERTIFIED MAIL:**
Palmettos of Bluffton, LLC
3035 Okatie Highway
Bluffton, SC 29909

      RE:    Our Client:    Cynthia Rini, as PR of the Estate of Gladys Taylor
                Patient:       Gladys Taylor
                DOB:         04/04/1938

Dear Sir or Madam:

Please allow this correspondence to serve as a demand for arbitration on behalf of the above-referenced client. Below is a description of the claim and relief sought.

Ms. Taylor was admitted to The Palmettos of Bluffton located at 3035 Okatie Highway, Okatie, South Carolina on August 2, 2023, with atrial fibrillation, heart failure, dementia and arthritis in her knees. She was 85 years old at the time of the incident described herein. On Saturday, December 24, 2023, Ms. Taylor and a staff member were in her room. Ms. Taylor was standing with her walker, unassisted. Ms. Taylor fell backward and hit her head on the floor.

On admission to The Palmettos of Bluffton, Ms. Taylor had a past medical history significant for dementia, atrial fibrillation, heart failure, and painful arthritis in her knees, causing her to use a wheelchair for mobility mainly. An initial nursing admission assessment from The Palmettos of Bluffton noted that Ms. Taylor required contact guard assistance for ambulation, along with a wheeled walker. Prior to the fall on December 24, 2023, Ms. Taylor suffered two additional falls on August 18, 2023, and September 6, 2023, both without injury. Ms. Taylor's care plan was not updated after either of these precursor falls.

A CNA note by Adrienne Orr on December 24, 2023, states "Resident was in her room trying to help RA find some red pants. She was holding her walker beside the RA and she slide back. She hit her head on the floor and EMS was called." This note does not indicate Ms. Taylor received contact guard assistance, as indicated in her admission assessment.

Following the incident, Ms. Taylor was transported by EMS to the Emergency Department at Coastal Carolina Medical Center, where she was diagnosed with a 7mm right parafalcine acute subdural hematoma. Coastal Carolina Medical Center did not have an in-house neurologist, so Ms. Taylor was transferred by EMS to Memorial Health University Medical Center (Savannah Memorial) where she was diagnosed with an L1 vertebral fracture, as well as a T1 to L1 ligament tear. Ms. Taylor was hospitalized for four days and received staples to close the laceration on her posterior head. After being hospitalized, Ms. Taylor was discharged to NHC Healthcare Bluffton Skilled Nursing Facility where she received care and treatment for over a month. She also required long-term use of a back brace. Upon discharge from NHC Healthcare Bluffton, physical therapy



notes indicate that Ms. Taylor was non-ambulatory, but could self-propel in her wheelchair fifty feet with stand-by assist.

As a result of the falls and related injuries, Ms. Taylor experienced extreme pain and suffering, a decline in mobility, a significantly worse quality of life, and decline in overall mental and physical health. It is our position that these injuries and setbacks worsened her dementia and hastened her death. Injuries like this often mark the beginning of the end for those similarly situated to Ms. Taylor. The pain and decreased mobility lead to decreased socialization and took a significant toll Ms. Taylor's mental and physical health, and enjoyment of what should be their golden years.

In September of 2024, Ms. Taylor suffered yet another fall while under the care of the Palmettos of Bluffton, requiring another hospitalization at Coastal Carolina and sutures to close the gash to her forehead.

Despite the documentation of Ms. Taylor's prior two prior falls at The Palmettos on August 18, 2023, and September 6, 2023, and her history of dementia and arthritis in both knees, The Palmettos failed to provide adequate assistance to prevent accidents and failed to implement an appropriate care plan. Ms. Taylor required contact guard assistance while standing and had this intervention been implemented by the facility, it would have prevented Ms. Taylor's injuries.

Our client seeks to recover all compensable damages under South Carolina Law, including both economic and non-economic damages associated with survival and wrongful death causes of action.

This demand is being submitted pursuant to the Arbitration Agreement that was signed on August 1, 2023. Our client's proposed arbitrator is Brett Woron with the firm of Woron and Dhillon, LLC.

Should you have any questions or wish to discuss this matter further, please do not hesitate to contact me at the email or phone number listed below. Otherwise, we look forward to your acknowledgement of our client's claim and to working with you towards a resolution of the same.

Kind regards,

*s/Jonathan S. Arndt*

Jonathan S. Arndt
P: (843) 469-8777
F: (843) 989-0130
Jonathan@thearndtlawfirm.com



CERT FORM: USPS 101

# USPS CERTIFED MAIL®
## CERTIFICATE OF DELIVERY

The following information displayed in this certificate was provided by the United States Postal Services and verified by VerTrius d/b/a CaseMail. If signature is required of the recipient, a request must be made prior to mailing.

### United States Postal Service Certified Mail ®

**Sender:**
The Arndt Law Firm
1125 Mathis Ferry Road
Mount Pleasant, SC 29464

**1. Article Addressed to:**
National Registered Agents, Inc.
2 Office Park Ct Ste 103
Columbia, SC 29223-5948

**DELIVERY STATUS VERIFIED BY USPS**

**DATE OF DELIVERY:** August 26, 2025 10:37 am

**USPS DELIVERY SCAN:** Your item was delivered to the front desk, reception area, or mail room at 10:37 am on August 26, 2025 in COLUMBIA, SC 29223.

**2. Article Number:** 9207190132473400249708301

**3. CaseMail ID:** CM-74635-0040.01

**4. Proof of Postage:** [barcode]

Copy of documents attached hereto stamped with the above listed CaseMail ID were enclosed, mailed, and delivered by the United States Postal Service.

VerTrius Certificate Form: USPS 101                                   Copyright 2019

**PROOF OF POSTAGE PAID:**


**PROOF OF POSTAGE PAID:**


**PROOF OF MAILING:**
USPS® verified acceptance of the attached documents with sufficient postage paid and were mailed on the date listed below:

8/23/2025

**CONTENT VERIFICATION:**

**CaseMail ID:**

CM-74635-0040.01

## Document /Content Verification

 Copy of mailed documents attached hereto with the above listed CaseMail ID were enclosed, mailed, and delivered by the United States Postal Service. Copies of documents along with applicable certificates of mailing and certificates of delivery are archived and accessible to authorized parties for 10 years. Request for copies can be made at www.CaseMail.us/certificates

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have mailed/served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared on the Declaration of Mailing / Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

Dated: August 26, 2025 10:37 am

Joe L. Ruiz
VerTrius, Corp.
d/b/a CaseMail
16192 Coastal Highway
Lewes, DE 19958

Copyright 2019 by VerTrius Corp All Rights Reserved

# EXHIBIT C

 Outlook

**[Arbitration Material]; Estate of Gladys Taylor v. Palmettos of Bluffton**

**From** Jonathan Arndt <Jonathan@thearndtlawfirm.com>
**Date** Thu 9/11/2025 3:36 PM
**To** Brett@wdinjurylaw.com <Brett@wdinjurylaw.com>
**Cc** Ashley Heslop <aheslop@hallboothsmith.com>; Susan Creel <screel@hallboothsmith.com>; Ensley Mahoney <emahoney@hallboothsmith.com>; Monica D. Waters <mwaters@hallboothsmith.com>; Caroline Buchanan <cbuchanan@hallboothsmith.com>

◊ 3 attachments (2 MB)
Taylor - Arbitration Agreement.pdf; Arbitration Demand (Served 8.26.25).pdf; Taylor - Arbitration Complaint.pdf;

Brett:

I hope all is well. You have been appointed as the arbitrator in the subject matter pursuant to the attached arbitration agreement. Since the arbitration is governed by the SC Rules of Civil Procedure, also attached is a summons and arbitration complaint for your file along with the original demand for arbitration. Defendant is represented by Ashley Heslop who is copied here along with her staff. Ashley, please let me know if I need to serve the registered agent with the complaint or if this email is sufficient for service on your folks.

Should you have any questions, please do not hesitate to give us a call to discuss.

Thanks,

**Jonathan S. Arndt**
*Attorney at Law* | The Arndt Law Firm
1125 Mathis Ferry Road
Mount Pleasant, SC 29464
T: 843.469.8777
F: 843.989.0130
Jonathan@thearndtlawfirm.com

CONFIDENTIALITY NOTICE: This e-mail communication, including any attached files ("Communication"), was sent by or on behalf of an attorney and may contain material that is proprietary, privileged, confidential, or otherwise legally exempt from disclosure. This Communication is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient or the person responsible for delivering this Communication to the intended recipient, you are prohibited from retaining, using, disseminating, forwarding, printing, or copying this Communication. If you have received this Communication in error, please immediately notify the sender via return e-mail or telephone.

# EXHIBIT D

H|B|S  HALL BOOTH SMITH, P.C.
ATTORNEYS AT LAW

Ashley Heslop
Phone: 843.720.3473
AHeslop@hallboothsmith.com

111 Coleman Boulevard
Suite 301
Mount Pleasant, SC 29464

Office: 843.720.3460
Fax: 843.606.6536
www.hallboothsmith.com

November 6, 2025

**VIA EMAIL AND CERTIFIED MAIL**
Jonathan S. Arndt
1125 Mathis Ferry Road
Mount Pleasant, SC 29464
jonathan@thearndtlawfirm.com

RE:    Cynthia Rini, as PR of the Estate of Gladys Taylor v. The Palmettos of Bluffton, LLC

Dear Jonathan:

In follow up to our prior conversations and our discussion yesterday during the mediation of this matter, **please allow this correspondence to serve as our formal written objection to Plaintiff's proposed arbitrator, Brett Woron, of Woron and Dhillon, LLC ("Woron"),** unilaterally designated by Plaintiff, despite Defendant's stated objection. Further, we informed you of our client's intent to seek arbitration in this matter *prior* to your arbitration demand. Accordingly, Defendant initiated the arbitration and Plaintiff's proposal of an arbitrator was premature.

Additionally, the Arbitration Agreement states that a proposed arbitrator "must be neutral [and] experienced." Based on all available information, Woron does not meet those requirements. Upon information and belief, Woron is not an experienced nor certified arbitrator. He neither endorses any arbitration certifications on his attorney profile or website https://www.wdinjurylaw.com/attorneys/brett-woron/ nor does he appear in the South Carolina Bar ADR Directory. Additionally, based on the representations made during mediation, we do not believe that Woron would meet the requirement to be neutral in this matter.

We are happy to propose alternative arbitrators to hear and decide this case. Additionally, we can provide a proposed Consent Agreement to Arbitrate to hopefully alleviate any further confusion and include agreed upon terms for discovery and the arbitration hearing. Please let us know if you are willing to discuss alternative arbitrators. If you do not wish to try to reach an agreement as to a proposed arbitrator, please let us know so we can file an appropriate motion with the Court regarding Woron's qualifications.

We look forward to hearing from you soon.

Sincerely,

Ashley Heslop

ASH/sc

MOUNT PLEASANT, SC

ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA | MONTANA | NEW JERSEY | NEW YORK
NORTH CAROLINA | OKLAHOMA | SOUTH CAROLINA | TENNESSEE