**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| CYNTHIA RINI, *as personal representative of the Estate of* Gladys Taylor, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 9:25-cv-13348-DCN |
| vs. | ) ) | **ORDER** |
| THE PALMETTOS OF BLUFFTON LLC, | ) ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court on defendant The Palmettos of Bluffton LLC's ("Palmettos") motion to dismiss for lack of subject-matter jurisdiction, ECF No. 20. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

Plaintiff Cynthia Rini ("Rini") filed her initial complaint on November 11, 2025. ECF No. 1, Compl. Thereafter, on January 23, 2026, Rini filed an amended complaint, which is the operative pleading for purposes of this motion. See ECF No. 13, Amend. Compl. Rini alleges that she was a resident at an assisted living facility owned by Palmettos. Id. ¶ 6. In connection with her residence at Palmettos' facility, Rini's representative entered into an arbitration agreement (the "agreement") with Palmettos on August 1, 2023. Id.

Rini alleges she followed the agreement's procedures for initiating an arbitration, which allowed her to select a proposed arbitrator. See id. ¶¶ 8–9. According to Rini, the agreement states "[t]his [proposed] arbitrator shall serve unless the non-initiating party

1

provides written objection via certified mail to the other party within ten (10) business days of the notice or demand of intent to arbitrate and suggests an alternate, neutral, experienced, and disinterested arbitrator." Id. ¶ 8. Rini further alleges that, on November 6, 2025, Palmettos "sent a letter contesting the method of the arbitrator's appointment" but had failed to "object to [Rini's] proposed arbitrator or propose an alternate arbitrator in accordance with . . . the agreement." Id. ¶¶ 10, 12.

Shortly after receiving Palmettos' letter, Rini filed this declaratory judgment action seeking the following declarations: (1) that the Federal Arbitration Act ("FAA") requires Rini and Palmettos to comply with the agreement's procedures governing the selection of an arbitrator; (2) that Rini properly initiated the arbitration and selected Brett Woron ("Woron") as arbitrator pursuant to the agreement; and (3) that the FAA does not preclude Woron from serving as the parties' arbitrator. Id. ¶ 15.

Palmettos moved to dismiss for lack of subject-matter jurisdiction on February 5, 2026. ECF No. 20. Rini responded in opposition on February 16, 2025, ECF No. 23, to which Palmettos filed no reply. As such, this matter is fully briefed and now ripe for the court's review.

## II.  STANDARD

Federal courts are not courts of general jurisdiction; they are only able to adjudicate suits where jurisdiction is authorized under Article III of the Constitution or statutes enacted by Congress pursuant to Article III. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). This jurisdictional requirement is known as subject-matter jurisdiction. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). Without subject-matter jurisdiction, a federal court lacks the

2

"statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis in original). As such, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 327 (1895)).

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge whether a federal court has subject-matter jurisdiction to adjudicate the claims before it. Fed. R. Civ. P. 12(b)(1). The non-movant bears the burden of establishing subject-matter jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When the movant challenges the factual sufficiency of the complaint, "the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). Conversely, when the movant challenges the factual veracity of the complaint's jurisdictional allegations, "the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." Id.

### III.   DISCUSSION

**A.  Facial Challenge to Subject-Matter Jurisdiction**

Palmettos argues that Rini fails to make any reference to the "diversity jurisdiction statute[.]"[1] ECF No. 20 at 5. It further contends that Rini "fails to allege the

---

[1] Rule 8 of the Federal Rules of Civil Procedure requires a claim for relief to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). This requirement is satisfied by "refer[ring] to the appropriate jurisdictional statute" or by alleging "factual assertions that, if proved, establish jurisdiction." Pinkley, 191 F.3d at 399 (quoting 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997) (internal quotation marks omitted)).

citizenship of [each of] Palmettos' members as required." Id.  Because Palmettos only

challenges the factual sufficiency of the complaint—and not the veracity of Rini's

jurisdictional allegations—the court agrees with Rini that Palmettos is lodging a facial

attack to subject-matter jurisdiction.  See Kerns, 585 F.3d at 192–93; ECF No. 23 at 3.

In the case of a facial challenge, "the facts alleged in the complaint are taken as true, and

the motion must be denied if the complaint alleges sufficient facts to invoke subject

matter jurisdiction." Kerns, 585 F.3d at 192.

Concerning diversity jurisdiction, Rini alleges that "jurisdiction is proper as

complete diversity exists between the parties and the amount in controversy of the

underlying dispute exceeds $75,000." Amend. Compl. ¶ 4.  Rini also pleads that she "is a

citizen and resident of the County of Beaufort, State of South Carolina[,] and that

Palmettos is a limited liability company "organized and existing in the state of South

Carolina whose members are, upon information and belief, citizens and residents of the

State of Delaware." Id. ¶ 1–2.

District courts have subject-matter jurisdiction over "all civil actions where the

matter in controversy exceeds the sum or value of $75,000," and where the parties are

"citizens of different states." 28 U.S.C. § 1332(a)(1).  To be citizens of different states

under Section 1332(a)(1), the parties must be completely diverse, meaning "no plaintiff

may share a citizenship with any defendant." Navy Fed. Credit Union v. LTD Fin.

Servs., LP, 972 F.3d 344, 352 (4th Cir. 2020).  Thus, to ascertain whether jurisdiction

4

exists under Section 1332(a), "a federal court must determine and compare the citizenship(s) of all plaintiffs and all defendants[.]" Id. at 353.

For diversity purposes, a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while natural persons are considered citizens of the state in which they are domiciled, Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008).

However, a limited liability company ("LLC")—being neither a natural person nor corporation—derives its citizenship from that of its members. Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). When an LLC's membership comprises another entity that is not a corporation nor a natural person (i.e., the LLC's members are also LLCs or partnerships), then the LLC will have the citizenship of the member entity's members or partners that are natural persons or corporations. Smiley v. Forcepoint Federal LLC, 2018 WL 3631885, *2 (E.D. Va. Jul. 31, 2018); see also Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 379 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). And, in the case of multiple layers of subsequent entities that are neither corporations nor natural persons, the court must discern the members or partners of each subsequent entity until it can ascertain all corporate entities or natural persons in the chain of ownership to fully assess an LLC's citizenship. Smiley, 2018 WL 3631885, *2; see also Jennings v. HCR ManorCare Inc.,

5

901 F. Supp. 2d 649, 651 (D.S.C. 2012) ("[A]n LLC's members' citizenship must be traced through however many layers of members there may be.").

Here, Rini pleads that she is a resident of South Carolina and that Palmettos members are citizens of Delaware.[2]  See Amend. Compl. ¶¶ 1–2.  Rini has, therefore, alleged complete diversity of citizenship between her and Palmettos.  See Navy Fed. Credit Union, 972 F.3d at 352–53.  Accepting those allegations as true, they are sufficient to invoke the court's diversity jurisdiction, and the court denies Palmettos' motion to dismiss for this reason.  See Kerns, 585 at 192 (instructing that 12(b)(1) motion to dismiss "must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.").

## B.  The Court Has Jurisdiction Over This Suit

Because Palmettos only challenged the sufficiency of Rini's jurisdictional allegations, resolution of the instant motion does not conclusively establish the court's jurisdiction over this suit.  District courts are required to raise the issue of subject-matter jurisdiction sua sponte because, without jurisdiction, the court lacks the authority to adjudicate a dispute.  See Brickwood Contractors, 369 F.3d at 390 ("[Q]uestions of subject-matter jurisdiction . . . must[ ] be raised sua sponte by the court."); see also Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004) (District court must

---

[2] Moreover, in its answer to the amended complaint, Palmettos admits that "its single member is a citizen of the State of Delaware."  ECF No. 21 ¶ 2.

"engage in sufficient pretrial factual and legal determinations to satisfy itself of its authority to hear the case before trial." (internal quotation marks and citation omitted)).

In light of this obligation, the court entered an order on April 27, 2026 requiring Palmettos "to inform the court of the citizenship of all persons or entities which have an ownership stake in Palmettos." ECF No. 26. Responding to the court's order, Palmettos stated its sole member is a limited partnership identified as NHC/OP, L.P. ("NHC/OP"). ECF No. 27 at 1. NHC/OP's general partner is NHC/Delaware Inc., and its limited partner is National Healthcare Corporation.[3] Id. Both NHC/Delaware, Inc. and National Healthcare Corporation are incorporated under the laws of Delaware. Id. NHC Delaware, Inc. is fully owned by National Healthcare Corporation, with National Healthcare Corporation maintaining its principal place of business in Tennessee. Id. Palmettos is thus a citizen of Delaware and Tennessee for diversity purposes. See 28 U.S.C. § 1332(c)(1); Carden, 494 U.S. at 195–96; Jennings, 901 F. Supp. 2d at 651. Rini is a citizen of South Carolina, meaning there is complete diversity of citizenship between the parties. See Amend. Compl. ¶ 1; Navy Fed. Credit Union, 972 F.3d at 352–53. As

---

[3] The citizenship of general and limited partners of a limited partnership is considered for purposes of diversity jurisdiction. Carden v. Arkoma Assocs., 494 U.S. 185, 195–96 (1990).

such, the court is satisfied that it has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a).[4]

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** Palmettos' motion to dismiss, ECF No. 20.[5]

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 9, 2026**
**Charleston, South Carolina**

---

[4] In addition to diversity, Rini claimed the court has federal question jurisdiction over this suit because "the controversy . . . requires the court to apply and interpret the [FAA] to resolve the dispute." Amend. Compl. ¶ 4. Palmettos correctly observes that the FAA does not provide an independent basis for the court to exercise jurisdiction pursuant to 28 U.S.C. § 1331. See ECF No. 20 at 3–6; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). Even though federal question jurisdiction is lacking, that does not alter the court's conclusion that diversity jurisdiction is adequately alleged and exists in this case.

[5] When responding to the court's April 27, 2026 order, Palmettos took the position that "this matter is in arbitration[ ]" and, thus, "not properly before this . . . Court[.]" ECF No. 27 at 1. In resolving the instant jurisdictional challenge, the court does not pass on whether the issues raised in this suit must be arbitrated pursuant to the agreement.